1 | **HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
2 | **DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
  | **KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
3 | **CORY M. BRENTE, Senior Assistant City Attorney (SBN 115453)**
4 | 200 North Main Street, 6th Floor, City Hall East
  | Los Angeles, CA 90012
5 | Phone No.: (213) 978-7021 / Fax No.: (213) 978-8785
6 |
7 | Attorneys for Defendant CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| LOS ANGELES PRESS CLUB, STATUS COUP, | **CASE NO. 25-CV-05423 HDV-E** |
|---|---|
| Plaintiffs, | **DEFENDANT CITY OF LOS ANGELES'S OBJECTION TO PLAINTIFFS'S NOTICE OF RELATED CASES (Local Rule 83-1.3.3)** |
| vs. | |
| CITY OF LOS ANGELES, a municipal entity, JIM MCDONNELL, LAPD CHIEF, sued in his official capacity; | |
| Defendants. | |

Pursuant to L.R. 83-1.3.3., Defendant City of Los Angeles objects to the Notice of Related Cases filed by Plaintiffs. As a preliminary matter, Plaintiffs' Notice cites cases on the active calendars of the Hon. Consuelo Marshall *and* the Hon. Hernan Vera that are in very different phases of litigation. The reason these cases are not before the same judge is that they are not related pursuant to L.R. 83-1.3.

While LAPD policies may be at issue in this case (and the others), the cases do not arise out of the same transactions or happenings, and they occurred on different dates and

different locations. Every police action, in response to a protest or otherwise, is unique and courts must judge them on the individual facts presented in each case.

"In evaluating the government's interest in the use of force we look to: (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. However, our inquiry is not limited to these factors. Rather, recognizing that the facts and circumstances of every excessive force case will vary widely, our ultimate inquiry addresses whether the totality of the circumstances justifies a particular sort of seizure." *Young v. County of L.A.*, 655 F.3d 1156, 1163 (9th Cir. 2011) (citations omitted).

Accordingly, the cases are not related pursuant to L.R. 83-1.3. By definition, they do not call for determination of substantially related questions of law and fact, at least on any practical level. A factfinder will determine whether police officers violated the constitutional rights of a plaintiff on the evidence and facts presented in each individual case, regarding each individual plaintiff's situation. For this reason, considerations of judicial economy do not weigh in favor of relating the cases and relation of all these cases will actually delay and unnecessarily complicate the issues presented in the litigation.

By filing this objection, Defendant City of Los Angeles is not waiving formal service of process.

Date: June 18, 2025

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Asst City Attorney

By: /s/ *Cory M. Brente*
CORY M. BRENTE, Senior Assistant City Attorney
Attorneys for Defendant City of Los Angeles