CAROL A SOBEL SBN 84483
Weston Rowland SBN 327599
Law Office of Carol A. Sobel
2632 Wilshire Boulevard, #552
Santa Monica, CA 90403
t. (310) 393-3055
e. carolsobellaw@gmail.com
e. rowland.weston@gmail.com

David Loy SBN 229235
Aaron R. Field SBN 310648
First Amendment Coalition
534 4th St., Suite B
San Rafael, CA 94901
t.(415) 460-5060
e. dloy@firstamendmentcoalition.org
e. afield@firstamendmentcoalition.org

Peter Bibring SBN 223981
Law Office of Peter Bibring
2140 W Sunset Blvd # 203,
Los Angeles, CA 90026
t.(213) 471-2022
e. peter@bibringlaw.com

Paul Hoffman, SBN 71244
Michael Seplow, SBN 150183
John Washington, SBN 315991
Schonbrun, Seplow, Harris, Hoffman
& Zeldes LLP
200 Pier Avenue #226
Hermosa Beach, California 90254
t.(310) 396-0731
e. hoffpaul@aol.com
e. mseplow@sshhzlaw.com
e. jwashington@sshhlaw.com

Susan E Seager SBN 204824
Law Office of Susan Seager
128 N. Fair Oaks Avenue
Pasadena, CA 91103
t. (310) 890-8911
e. susanseager1999@gmail.com

## United States District Court
## Central District of California – Western Division

| | |
|---|---|
| LOS ANGELES PRESS CLUB, STATUS COUP, <br><br> PLAINTIFFS, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity, jIM McDONNELL, LAPD CHIEF, sued in his official capacity; <br><br> DEFENDANTS. | Case No. 2:25-CV-05423-HDV-E <br><br> REPLY TO OPPOSITION TO EX PARTE APPLICATION; DECLARATIONS IN SUPPORT THEREOF <br><br> DATE: N/A <br> TIME: N/A <br> CTRM: 5B Hon. Hernàn Vera |

## I.    THERE WAS NO DELAY IN FILING FOR AN INJUNCTION

Defendants assert that Plaintiffs unreasonably delayed in filing this motion, undercutting the need for emergency relief. Not only is that argument false on the facts, but it is also wholly inapplicable here where the threat of harm continues: there is no indication that the ICE raids currently terrorizing Los Angeles in DHS' campaign to remove 3,000 immigrants a day will end any time soon, nor will the protests, the media's response to them, nor LAPD's unconstitutionally aggressive response. To the contrary, Department of Homeland Security Secretary Kristi Noem has stated the ICE raids will continue in Los Angeles: "We are not going away. We are staying here to liberate the city from the socialist and the burdensome leadership that this governor and that this mayor have placed on this country and what they have tried to insert into this city."[1]

First, there is no indication that Plaintiffs engaged in any delay. They filed their complaint ten days after the second weekend of protests, and their application for injunctive relief ten days after that. In support of the request for injunctive relief, plaintiffs submitted substantial evidence: 10 declarations from members of the press who were subjected to the range of unlawful conduct challenged here, experts on police policy and the very serious harm the "less-lethal" munitions cause, and 80 exhibits, most substantiating incidents of unlawful force and exclusion of press from access to these events and also multiple reports identifying the repeated failure of the LAPD to comply with past court orders and settlements protecting press access and restricting force as a crowd control tactic.

Second, the threat of injury remains ongoing, as ICE raids, protests, and law enforcement interference with journalists covering the protests continue. Indeed, on July 7, the day *before* Defendants filed their opposition, federal agents occupied

---

[1] https://www.foxla.com/news/ice-in-la-federal-agents-will-stay-in-la

MacArthur Park with armed troops, tanks and horses.[2]  Likely the only thing that stopped another law enforcement melee in MacArthur Park was the presence of Los Angeles Mayor Karen Bass, other elected officials, and community leaders to challenge ICE.



The day *after* Plaintiffs filed this Ex Parte Application, LAPD officers kettled journalists and blocked them from accessing the police response to a protest in Downtown Los Angeles on July 4th. *See* Supplemental Declaration of Adam Rose and Supplemental Declaration of Sean Beckner-Carmitchel, both concurrently filed with Plaintiffs' Reply. Less than two weeks before, at an ICE raid protest in Pacoima, LAPD officers once again restrained journalists from where they could cover the ICE actions and community protests and where one photojournalist was arrested while

---

[2] Federal agents stage at MacArthur Park Monday, July 7, 2025, in Los Angeles. (AP Photo/Damian Dovarganes) at:  What to know about the troops and federal agents in LA's MacArthur Park.

doing his job.[3]   The Pacoima protest followed 10 days of actions across the Los Angeles area at ICE actions where the Defendant Los Angeles Police Department was present to respond to protestor.   The threat of LAPD's unlawful treatment of journalists remains ongoing.

Finally, even if the short time Plaintiffs required to assemble their substantial showing did constitute delay, it would not justify denying the requested relief. "[D]elay by itself is not a determinative factor in whether the grant of interim relief is just and proper."  *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019), citing *Aguayo ex rel. N.L.R.B. v. Tomco Carburetor Co.*, 853 F.2d 744, 750 (9th Cir. 1988). "Usually, delay is but a single factor to consider in evaluating irreparable injury"; indeed, "courts are loath to withhold relief *solely on that ground*." *Id.* (citations omitted) (emphasis in *Cuviello*).[4]

As this Court recently underscored, press access to ongoing protests "'play[s] a vitally important role in holding the government accountable,' particularly given 'the unfortunate history of civil rights violations by LAPD officers.'" *Peltz . City of Los Angeles,* 2025 U.S. Dist. LEXIS 30745 *18, 2025 WL 1412479 (C.D. Cal. Feb. 20, 2025) [Doc. 71], *quoting Index Newspapers LLC v. United States Marshals Service*, 977 F.3d. 817, 831 (9th Cir. 2020); *Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, 246 F.R.D. 621, 628 (C.D. Cal. 2007).  With the recent events set forth by Plaintiffs, the LAPD's "unfortunate history of civil rights violations" has only gotten longer and should be enjoined immediately.

---

[3] See Supplemental Declaration of Adam Rose at ¶¶ 2-6.

[4] In *Cuviello*, the pro se plaintiff took 17 months to file for injunctive relief.  The District Court held the delay undermined the claim of irreparable harm.  The Ninth Circuit reversed, finding the ongoing threat was sufficient and noting that "[o]btaining injunctive relief from a federal court is not an easy task, even for a skilled attorney."  *Id.* at 833-834.

## II.    PLAINTIFFS SHOWED A SUBSTANTIAL LIKELIHOOD OF PREVAILING

### A. Plaintiffs Showed a Substantial Likelihood of Prevailing on Their First Amendment Claims

Plaintiffs have shown that their First Amendment rights have been violated and a substantial, if not strong, likelihood they will prevail in this matter. They documented multiple instances where Defendants violated their right to access the protests, remain after a dispersal order is given, and report on police conduct in response to the protests. *Index Newspapers*, *supra*. The evidence submitted by Plaintiffs establishes grievous violations of their  First Amendment rights, far more than is required to meet their burden for injunctive relief in this instance.

Defendants cite cases that do not address the special concerns for First Amendment rights and the required showing "irreparable harm." Opp. at 6-7. "The chill on Plaintiffs' First Amendment rights alone —'even if it results from a threat of enforcement rather than actual enforcement—constitutes irreparable harm.'" *Cuviello v. City of Vallejo*, 944 F.3d 816, 832-33 (9th Cir. 2019) (citation omitted).

In *Cuviello*, the Circuit emphasized its "cases do not require a strong showing of irreparable harm for constitutional injuries. Where the plaintiff's 'First Amendment rights [are] being chilled daily, the need for immediate injunctive relief without further delay is, in fact, a direct corollary of the matter's great importance.' *Sanders Cty. Republican Cent. Comm. v. Bullock*, 698 F.3d 741, 748 (9th Cir. 2012). That [Plaintiffs] will suffer irreparable harm absent relief 'is demonstrated by a long line of precedent establishing that the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Cuviello*, at 833 (alterations and quotations omitted in *Cuviello*).

### B. Plaintiffs  Showed a Substantial Likelihood of Prevailing on Their State Law Claims

Independently, Plaintiffs have shown a strong likelihood that they will  prevail on their state statutory claims. Penal Code sections 409.7 and 13652, enacted by the

California Legislature following the assault on journalists in the 2020 George Floyd protests, provide clear and specific requirements for press access to closed protest areas and ban force by police on journalists at protests. As Plaintiffs amply demonstrate, Defendants repeatedly and blatantly ignored these laws. *See* Mem. in Support of Ex Parte Application, Dkt. No. 17, at 15-21. Defendants do not contest this showing in their opposition.

## III.    THE BALANCE OF EQUITIES TIP IN FAVOR OF PLAINTIFFS

Despite Plaintiffs' submission of evidence of the continued obstruction of journalists, Defendants argue that a TRO should not issue because the events giving rise to the acts Plaintiffs challenge are unlikely to recur in the next seven weeks – the time for compliance with Local Rule 7-3 with a noticed motion and a hearing on the motion. Defs. Opp. at 3-4. But the TRO Plaintiffs seek addresses only LAPD's conduct at protests as required by the First Amendment and the California Legislature. It does not limit daily patrol activities in any way. Consequently, there is no harm to Defendants from being ordered to comply with California Penal Code §§409.7 and 16352 while this Court considers Plaintiffs' claims.

## IV.    CONCLUSION

Plaintiffs' evidence satisfies each element of the test for injunctive relief. They have shown "irreparable harm" from the very real threat that Defendants will repeat their unlawful conduct unless restrained by the Court.

Dated: July 9, 2025          Respectfully submitted,

Law Office of Carol A. Sobel
First Amendment Coalition
Law Office of Peter Bibring
Schonbrun, Seplow, Harris, Hoffman &
    Zeldes
Law Office of Susan Seager

By:    /s/  Carol A. Sobel      .
Attorneys for Plaintiffs