UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05423-HDV-E | Date | August 18, 2025 |
| Title | *Los Angeles Press Club et al v. City of Los Angeles et al* | | |

| | |
|---|---|
| Present: The Honorable | Hernán D. Vera, United States District Judge |

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE COMPLIANCE WITH THE TRO**

On July 10, 2025, the Court granted Plaintiffs' Application for a Temporary Restraining Order, enjoining the Los Angeles Police Department ("LAPD") from intentionally assaulting journalists reporting on protests ("TRO"). [Dkt. 44]. The TRO provided in relevant part:

2. If LAPD or another law enforcement agency establishes a police line or rolling closure at a demonstration, march, protest, or rally where individuals are engaged in activity that is protected pursuant to the First Amendment to the United States Constitution, LAPD is enjoined from:
    a. Prohibiting a journalist from entering or remaining in the closed areas.
    b. Intentionally assaulting, interfering with, or obstructing any journalist who is gathering, receiving, or processing information for communication to the public (including by restricting journalists to areas from which they do not have sufficient opportunity to observe and report on protests, including the interaction between police and protestors).
    c. Citing, detaining, or arresting a journalist who is in a closed area for failure to disperse, curfew violation, or obstruction of a law enforcement officer for gathering, receiving, or processing information. If LAPD detains or arrest a person who claims to be a journalist, that person shall be permitted to promptly contact a supervisory officer of the rank of captain or above for purposes of challenging that detention, unless circumstances make it impossible to do so.
3. LAPD is further enjoined from using less-lethal munitions ("LLMs") and other crowd control weapons (including kinetic impact projectiles ("KIPs"), chemical irritants, and

      flash-bangs) against journalists who are not posing a threat of imminent harm to an officer or another person.
4. Within the next 72 hours, LAPD management is ordered to summarize this Order and disseminate its contents to all LAPD officers responding to a protest in Los Angeles.

TRO at 12–13.  The Court has reviewed Plaintiffs' *Ex Parte* Application for Contempt, [Dkt. 63], and Defendants' Opposition.  [Dkt. 66].

      The Court is troubled by the allegations of what occurred on August 8, 2025, and to that end sets a hearing on August 25, 2025 at 10:00 a.m. to address the request for sanctions.  The Court further orders Defendants to show cause in writing, no later than August 22, 2025, describing in detail all the measures that the LAPD and its counsel have taken to disseminate the Court's TRO and ensure compliance with its terms.

**IT IS SO ORDERED.**