HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
CORY M. BRENTE, Senior Assistant City Attorney (SBN 115453)
GABRIEL DERMER, Assistant City Attorney (SBN 229424)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7558 / Fax No.: (213) 978-7011

Attorneys for Defendants CITY OF LOS ANGELES
and JIM MCDONNELL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES PRESS CLUB, STATUS COUP,<br><br>　　　　　　　　Plaintiffs,<br>　vs.<br><br>CITY OF LOS ANGELES, a municipal entity, JIM MCDONNELL, LAPD CHIEF, sued in his official capacity;<br>　　　　　　　　Defendants. | **CASE NO. 25-CV-05423 HDV-E**<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Date:  August 25, 2025**<br>**Time:  9:00 am**<br>**Courtroom:  5B**<br><br>**Hon. Hernan D. Vera** |

**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS REGARDING MOTION FOR PRELIMINARY INJUNCTION**

Defendants CITY OF LOS ANGELES and JIM McDONNELL (collectively "the City" or "Defendants") respectfully submit the following Objections to the evidence Plaintiffs LA PRESS CLUB and STATUS COUP (collectively "Plaintiffs") submitted concerning Plaintiffs' Motion for Preliminary Injunction.

| OBJECTIONS TO DECL. OF SEAN BECKNER-CARMITCHEL – DKT. 20 ||
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR THE OBJECTION** |
| "In June 2025, the LAPD has been firing more less lethals, known as LLMs, at journalists compared to 2020, with a casual disregard with LLMs, and firing at journalists' heads." Dkt. 20, Declaration of Sean Beckner-Carmitchel ("Beckner-Carmitchel Dec."), ¶ 4 at ECF 02:20-24. | Speculation; Lack of Foundation; Witness lacks personal knowledge (Fed. R. Evid. 602). |
| "I've seen a lot more serious, visible injuries on journalists due to actions by the LAPD during the protests in June 2025 compared to 2020, many of which requires serious medical treatment or hospitalization." Beckner-Carmitchel Dec., ¶ 4 at ECF 02:24-26. | Lack of Foundation (Fed. R. Evid. 602); Improper opinion from a lay witness (Fed. R. Evid. 701). |

1

| OBJECTIONS TO DECL. OF CONSTANZA ELIANA CHINEA MERCADO – DKT. 22 ||
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR THE OBJECTION** |
| "Because I did not feel threatened or targeted by any acts of the protesters and given the officer's warning that I would get hurt if I stayed in that location, I assumed that the officer meant LAPD would be deploying tear gas there shortly, as it apparently had before I arrived." Dkt. 22, Declaration of Constanza Eliana Chinea Mercado ("Chinea Dec."), ¶ 11 at ECF 04:06-09. | Lacks Personal Knowledge (Fed.R.Evid. 602); Irrelevant and Immaterial (Fed.R.Evid. 401). |
| "Many of the journalists, including myself, in the area were upset at LAPD's apparent violations of press freedoms, and we repeatedly asked the officers to allow us to return close to the protest area as state law requires." Dkt. 22, Chinea Dec., ¶ 17 at ECF 05:21-24. | Lacks Personal Knowledge (Fed.R.Evid. 602); Irrelevant and Immaterial (Fed.R.Evid. 401). |
| "With no dispersal announcement or warning and without any justification, LAPD officers arrived with horses and began trampling protesters who were | Improper Opinion Testimony by Lay Witness (Fed.R.Evid. 701). |

2

**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS REGARDING MOTION FOR PRELIMINARY INJUNCTION**

| OBJECTIONS TO DECL. OF CONSTANZA ELIANA CHINEA MERCADO – DKT. 22 ||
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR THE OBJECTION** |
| doing nothing violent, destructive, or illegal." Dkt. 22, Chinea Dec., ¶ 25 at ECF 07:10-13. | |

| OBJECTIONS TO DECL. OF JORDAN CHARITON – DKT. 25 ||
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR THE OBJECTION** |
| "She had a great position on an embankment where she had a direct line of site that showed both the protestors and the LAPD squaring off. Unfortunately, not long after arriving in that location she was arbitrarily removed from that location by an LAPD. I watched the video Ms. Berg captured of the event. Ms. Berg tried her best to capture the protest, but LAPD forced Ms. Berg to leave the area by physically escorting her out of the Civic Center." Dkt. 25, Declaration of Jordan Chariton ("Chariton Dec."), ¶ 2 at ECF 02:11-18. | Hearsay (Fed.R.Evid. 801); Lack of Foundation (Fed.R.Evid. 602, 901(a); Lack of Authentication (Fed.R.Evid. 901(a)); Best Evidence Rule – video evidence speaks for itself (Fed.R.Evid. 1002). |

3

**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS REGARDING MOTION FOR PRELIMINARY INJUNCTION**

| OBJECTIONS TO DECL. OF JORDAN CHARITON – DKT. 25 | |
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR THE OBJECTION** |
| | |
| "Unfortunately, LAPD regularly violates 409.7.  In the last five years Ms. Berg alone has been shot at by LAPD during the Floyd protests.  Beaten by LAPD during the Dobbs protests.  She was pushed and shoved during Eco [sic] Park.  And now she was kicked out of the Civic Center during the ICE protests and that is just one of our journalists…." Dkt. 25, Chariton Dec., ¶ 6 at ECF 03:05-10. | Hearsay (Fed.R.Evid. 801); Lack of Foundation (Fed.R.Evid. 602, 901(a); Improper Opinion Testimony by Lay Witness (Fed.R.Evid. 701). |
| "This is obviously problematic because it prevents Status Coup journalists from capturing the news which is highly detrimental to us as our whole … business model, is that we are dedicated to in-field journalism.   Dkt. 25, Chariton Dec., ¶ 7 at ECF 03:14-25 and 26:28. | Irrelevant and Immaterial (Fed.R.Evid. 401); Hearsay (Fed.R.Evid. 801); Lack of Foundation (Fed.R.Evid. 602, 901(a); Lack of Authentication. (Fed.R.Evid. 901(a)). |
| "When LAPD shoots, arrests, or otherwise interferes with Status Coup journalists it also forces us to redirect our time towards addressing LAPD's unlawful actions." | Improper opinion from a lay witness (Fed.R.Evid. 701). |

4

**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS REGARDING MOTION FOR PRELIMINARY INJUNCTION**

| OBJECTIONS TO DECL. OF JORDAN CHARITON – DKT. 25 ||
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR THE OBJECTION** |
| Dkt. 25, Chariton Dec., ¶ 8 at ECF 04:01-03. | |
| "Status Coup has already had to release several videos illustrating LAPDs [sic] unlawful interference with Tina Berg. We had to do the same thing in 2020 for the Floyd protests and also in 2022 for the Dobbs protest." Dkt. 25, Chariton Dec., ¶ 8 at ECF 04:05-07. | Hearsay (Fed.R.Evid. 801); Lack of Foundation (Fed.R.Evid. 602, 901(a); Lack of Authentication (Fed.R.Evid. 901(a)). |
| "We can't really license these videos, but we need LAPD's practice of seizing, assaulting, and shooting the press to stop." Dkt. 25, Chariton Dec., ¶ 8 at ECF 04:07-09. | Improper opinion from a lay witness (Fed.R.Evid. 701). |
| "However, the documentation of these incidents has apparently not been enough to get LAPD to change its practices. Now, the problem has gotten so out of hand that Status Coup is forced to dedicate precious time towards a lawsuit because nothing else has worked." Dkt. 25, Chariton Dec., ¶ 8 at ECF 04:10-13. | Improper opinion from a lay witness (Fed.R.Evid. 701). |

**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS REGARDING MOTION FOR PRELIMINARY INJUNCTION**

| OBJECTIONS TO DECL. OF JORDAN CHARITON – DKT. 25 ||
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR THE OBJECTION** |
| "People engage with us because they want to see uncut, unfiltered, entrenched journalism. That can't happen if our journalists are forced to be a block away from where the protests are happening. That cannot happen if our journalist are in the hospital because they got thrown to the ground, or shot at, or are waiting to be released after being detained." Dkt. 25, Chariton Dec., ¶ 9 at ECF 04:16-21. | Hearsay (Fed.R.Evid. 801); Lack of Foundation (Fed.R.Evid. 602, 901(a); Improper opinion from a lay witness (Fed.R.Evid. 701). |
| "Independent Media is important; it captures a breadth and depth of information that large corporate outfits are incapable of covering. However, embedding journalists into the core of the story is resource intensive. Dkt. 25, Chariton Dec., ¶ 10 at ECF 04:22-26. | Irrelevant and Immaterial (Fed.R.Evid. 401); Improper opinion from a lay witness (Fed.R.Evid. 701). |

| OBJECTIONS TO DECL. OF MONTEZ HARRIS – DKT. 27 ||
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR THE OBJECTION** |
| "If the officer had shot me, it would have been particularly dangerous as I was not on level ground and if I fell I would have been seriously injured."  Dkt. 27, Declaration of Montez Harris ("Harris Dec."), ¶ 8 at ECF 03:17-20. | Irrelevant and Immaterial (Fed.R.Evid. 401); Speculation; Lack of Foundation; Witness lacks personal knowledge (Fed. R. Evid. 602). |
| "However, as a father of young children I did not think that I could risk staying because it seemed very probable that LAPD would either seriously injury [*sic*] me or arrest me even though I was obviously present at the protest as a member of the press."  Dkt. 27, Harris Dec., ¶ 9 at ECF 04:01-02. | Irrelevant and Immaterial (Fed.R.Evid. 401); Speculation; Lack of Foundation; Witness lacks personal knowledge (Fed. R. Evid. 602). |
| "The video is an accurate depiction of LAPD using unlawful force against me on June 11th, 2025."  Dkt. 27, Harris Dec., ¶ 10 at ECF 04:01-02. | Improper Opinion Testimony by Lay Witness (Fed.R.Evid. 701). |

| OBJECTIONS TO DECL. OF TINA-DESIREE BERG – DKT. 28 ||
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR THE OBJECTION** |
| "In Los Angeles over the last five year [sic] Status Coup has reported on labor strikes, the Black Lives Matter protests, the WiSpa Protest, the Dobbs protests, the Free Palestine protests, and now the ICE protests."  Dkt. 28, Declaration of Tina-Desiree Berg ("Berg Dec."), ¶ 5 at ECF 02:24-28. | Hearsay. (Fed.R.Evid. 801); Lack of Foundation (Fed.R.Evid. 602, 901(a); Lack of Authentication (Fed.R.Evid. 901(a)). |
| "However, especially during the ICE Protests, LAPD has regularly used force or threat of force to interfere with journalists like me." Dkt. 28, Berg Dec., ¶ 7 at ECF 03:09-11. | Hearsay. (Fed.R.Evid. 801); Lack of Foundation (Fed.R.Evid. 602, 901(a)). |

**OBJECTIONS TO THE DECLARATIONS OF ROGER CLARK AND ROHINI HAAR**

In addition to the above referenced specific objections, the City objects to the Declarations of Roger Clark (Dkt. 56-2) and Rohini Harr (Dkt. 56-3) in their entirety. The issues currently pending before this Court are not the proper subject of an expert opinion, as no expert opinion is required to assist this Court in determining whether a Temporary Restraining Order or a Preliminary Injunction should be issued. A purported expert's testimony is allowed only if it will (1) assist the trier of fact in determining or understanding the facts in issue, (2) the proposed expert testimony is relevant, (3) if the

proposed expert witness is sufficiently qualified, and (4) if there is a reliable basis for expert's opinions and testimony. FRE 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Each proffered "expert" opinions is not relevant and is of no value in determining the issues before this Court. There is nothing technical or outside the Court's capabilities of sound reasoning that warrant consideration of Messrs. Clark's or Haar's opinions. "Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.7 (9th Cir. 2002); *see also United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986) ("The general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony.").

Each expert opinion is, in reality, not an "expert" opinions, but rather each expert's own personal opinions and each declaration is impermissibly riddled with personal beliefs as to what the real facts are and what legal conclusion to draw. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. April 13, 2015). Experts can offer opinions based on the evidence, not based on what the expert believes happened or a person's mindset. *See Willis v. City of Fresno*, 680 F. App'x 589, 591 (9th Cir. 2017); *Amin-Akbari v. City of Austin*, Tex., 52 F. Supp. 3d 830, 848 (W.D. Tex. 2014). Neither of Plaintiffs' proposed experts can opine as to a party or witness' subjective knowledge or to create a question of fact as to what a party or witness knew. *Cotton v. City of Eureka*, No. C08-04386 SBA, 2011 U.S. Dist. LEXIS 101657 at *2 (N.D. Cal. Sep. 8, 2011). An expert cannot testify as to a legal conclusion or the ultimate facts. *United States v. Tamman*, 782 F.3d 543, 553 (9th Cir. 2015). In addition, each of

9

**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS REGARDING MOTION FOR PRELIMINARY INJUNCTION**

1  Plaintiffs' proposed experts impermissibly insists on repeatedly making legal
2  conclusions throughout their respective declarations.
3       Plaintiffs' proposed experts' opinions also lack foundation and consist primarily
4  of mere speculation. Expert qualifications, including adequate and relevant training and
5  experience, are required to lay the foundation for the expert's opinion; otherwise, it is
6  mere "unsupported speculation." FRE 703; *Plush Lounge Las Vegas LLC v. Hotspur*
7  *Resorts Nev., Inc.*, 371 F. Appx. 719, 720 (9th Cir. 2010). "'[N]othing in either *Daubert*
8  or the Federal Rules of Evidence requires a district court to admit opinion evidence that
9  is connected to existing data only by the *ipse dixit* of the expert.'" *Kumho Tire Co. v.*
10 *Carmichael*, 526 U.S. 137, 157 (1999) (citations omitted).
11      Finally, recitation of the contents of documents also are no expert opinions, and
12 those portions should be disregarded as the documents speak for themselves.
13      Thus, Plaintiffs' proposed experts' opinions should not be permitted or given any
14 credence under FRE 401, 402 ,403, 701, 702 and 703, and the Court should therefore
15 disregard these declarations and any opinions expressed therein.

17 Date:  August 18, 2025        HYDEE FELDSTEIN SOTO, City Attorney
18                               DENISE C. MILLS, Chief Deputy City Attorney
                                 KATHLEEN KENEALY, Chief Assistant City Attorney
19                               CORY M. BRENTE, Senior Assistant City Attorney
                                 GABRIEL DERMER, Assistant City Attorney
20
21                               By:        */s/ Gabriel Dermer*
                                    GABRIEL DERMER, Assistant City Attorney
22                                  Attorneys for Defendants CITY OF LOS ANGELES
                                    and JIM MCDONNELL
23

10

**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS REGARDING MOTION FOR PRELIMINARY INJUNCTION**