**EXHIBIT – A**

**OFFICE OF THE CHIEF OF POLICE**

**N O T I C E**　　　　　　　　　　　　　　　　　　　　　　　　December 14, 2021
1.14


**TO:**　　　　All Department Personnel


**FROM:**　　　Chief of Police


**SUBJECT:**　ASSEMBLY BILL 48 – USE OF KINETIC ENERGY PROJECTILES AND
　　　　　　　CHEMICAL AGENTS; AND, SENATE BILL 98 – MEDIA ACCESS TO
　　　　　　　CLOSED AREAS – ASSEMBLIES, PROTESTS AND DEMONSTRATIONS


On January 1, 2022, Assembly Bill (AB) 48 and Senate Bill (SB) 98 become effective. Assembly Bill 48 prohibits the use of kinetic energy projectiles or chemical agents by law enforcement at assemblies, protests, and demonstrations unless certain specified criteria are met. Senate Bill 98 requires law enforcement to allow duly authorized representatives of the media access to command posts, behind police lines, or other rolling closures at assemblies, protests, demonstrations, rallies, marches, or where individuals are engaged in First Amendment activities. The purpose of this Notice is to delineate the specific procedures pertaining to kinetic energy projectiles and chemical agents, as well as media access, pursuant to the new legislation.

**Kinetic Energy Projectiles and Chemical Agents**

Per AB 48, kinetic energy projectiles and chemical agents [i.e., 37mm Less-Lethal Launcher, 40mm Less-Lethal Launcher, Oleoresin Capsicum (OC Spray)] shall not be used solely due to an imposed curfew, verbal threat, or non-compliance with a Department directive. Further, if kinetic energy projectiles or chemical agents are used during assemblies, protests, or demonstrations, they shall only be used to defend against a threat to life or serious bodily injury to any individual, including a peace officer, or to bring an objectively dangerous and unlawful situation safely and effectively under control, **and**, in accordance with the following requirements:

- De-escalation techniques or other alternatives to force have been attempted when objectively reasonable, and have failed;
- Repeated audible announcements have been made stating the intent to use kinetic energy projectiles or chemical agents, when objectively reasonable to do so (in multiple languages and from various locations, if appropriate);
- Persons have been given an objectively reasonable opportunity to disperse and leave the scene;
- An objectively reasonable effort has been made to identify persons engaged in violent acts and those who are not. Kinetic energy projectiles and chemical agents shall not be used indiscriminately on a crowd or group of persons, and shall instead be targeted toward those individuals engaged in violent acts;

All Department Personnel
Page 2
1.14

- Kinetic energy projectiles and chemical agents shall only be used as objectively reasonable, and only with the frequency, intensity, and in a manner that is proportional to the threat;
- Officers shall minimize the possible incidental impact of the use of kinetic energy projectiles and chemical agents on bystanders, medical personnel, journalists, or other unintended targets;
- An objectively reasonable effort has been made to extract individuals in distress;
- Medical assistance is promptly requested and, if properly trained personnel are present, to provide such assistance to injured persons, when it is reasonable and safe to do so; and,
- Kinetic energy projectiles shall not be aimed at the head, neck, or other vital organs.

If kinetic energy projectiles or chemical agents are used during assemblies, protests, or demonstrations, the Department shall, within 60 days of each incident, publish a summary of the incident on the Department's public webpage. The summary shall include only the following information:

- A description of the assembly, protest, demonstration or incident, including the approximate crowd size and number of officers involved;
- The type of kinetic energy or chemical agent used;
- The number of rounds used or quantity of chemical agent dispersed;
- The number of documented injuries as a result of the use of kinetic energy projectiles or chemical agent; and,
- The justification for using kinetic energy projectiles or chemical agents, including any de-escalation efforts or protocols, and other measures taken to avoid the necessity of using the kinetic energy projectiles or chemical agent.

    **Note:** Assembly Bill 48 permits the Department to extend the 60-day period for another 30 days if it demonstrates good cause; however, in no case longer than 90 days from the time of the incident.

    **Note:** Although the use of a beanbag shotgun is not prohibited by AB 48, Department personnel **shall not** use a beanbag shotgun during crowd control situations (see Office of the Chief of Police Notice dated September 28, 2021, entitled *Prohibition on the Use of the Beanbag Shotgun in a Crowd Control Situation*).

### Media Access to Closed Areas

<u>Duly Authorized Representatives of the Media.</u>  Those persons possessing current, valid credentials issued by the Department or other bona fide law enforcement agency, or other identification establishing duly authorized representation of news media affiliation or employment.

   **Note:** "Freelance" reporters or photographers possessing a valid media credential or other identification establishing duly authorized news media affiliation or primary employment shall be deemed as authorized news media representatives.

All Department Personnel
Page 3
1.14

As per SB 98, if officers close the immediate area surrounding any emergency field command post or other area, police line, skirmish line, or other rolling closure at any demonstration, march, protest, rally, or where individuals are primarily engaged in any activity that is protected by the First Amendment to the United States Constitution or Article I of the California Constitution, the following requirements shall apply:

- A duly authorized representative of the media shall include any member of a news service, online news service, newspaper, or radio or television station or network; and those persons may enter the closed area;
- Officers shall not intentionally assault, interfere with, or obstruct the duly authorized representative of the media who is gathering, receiving, or processing information for communication to the public;

    **Note:** The Department may restrict access to a command post (i.e., the area where incident-specific information is being shared by public safety personnel, strategic decisions are being made, or deliberations are ongoing), or crime scenes for the purpose of the preservation of evidence.

- A duly authorized representative of the media who is in a closed area described above shall not be cited for failure to disperse, a violation of curfew, or other violation of paragraph (1) of subdivision (a) of California Penal Code Section 148, for gathering, receiving or processing information; and,
- If a duly authorized representative of the media is detained, that member of the media shall be permitted to contact a Department supervisor immediately to challenge the detention, unless circumstances make it impossible to do so.

    **Note:** Nothing precludes officers from enforcing other applicable laws if the member of the media is engaged in activity that is otherwise unlawful or is interfering with official law enforcement duties including, but not limited to, collecting evidence and making arrests.

This Notice supersedes any previous publications, directives, or guides regarding to the use of kinetic energy projectiles and chemical agents, as well as news media access, as it pertains to the provisions of AB 48 and SB 98. The Department Emergency Operations Guide and Media Relations Handbook will be updated accordingly as it pertains to this Notice.

Should you have any questions regarding this Notice, please contact the Office of Constitutional Policing and Policy, at (213) 486-8730.

MICHEL R. MOORE
Chief of Police

DISTRIBUTION "D"