**EXHIBIT – B**

# LOS ANGELES POLICE DEPARTMENT
# TRAINING BULLETIN

Volume LIV, Issue 3, May 2025    Jim McDonnell, Chief of Police

## CROWD MANAGEMENT, INTERVENTION, AND CONTROL – PART II
## MEDIA

### PURPOSE

The purpose of this bulletin is to guide officers' interactions with media members during public assemblies, large events, or other crowd-related situations that require police management, intervention, or control. "Service to our Communities" and "Respect for People" are fundamental core values of the Los Angeles Police Department. In a society where free speech and the right to assembly are guaranteed by the Federal and State constitutions, it is the mission of police officers to protect the constitutional rights of all members of the public. This includes those who are members of the media and are gathering, receiving or processing information for communication to the public.

### PROCEDURE

It is the Department's goal to provide the media as much access as legitimately possible to assist them in their duties to gather, receive or process information for communication to the public. With the exception of spontaneously occurring events, whenever the Department develops an Event Action Plan for an event that involves a public assembly, the Department will, when practicable, designate a media viewing area. The viewing area will be within visual distance and audible range of the event, for members of the media to assemble. Media members do not have to be restricted to the designated area.

**Definition – Duly Authorized Representatives of the Media**: Those persons possessing current, valid credentials issued by the Department or other bona fide law enforcement agency, or other identification establishing duly authorized representation of news media affiliation or employment; including any member of a news service, online news service, newspaper, radio, television station or network.

> **Note**: "Freelance" reporters or photographers possessing a valid media credential or other identification establishing duly authorized news media affiliation or primary employment shall be deemed as authorized news media representatives.

**Authorized Media**

Representatives of the media include anyone representing a news service, online news service, newspaper, radio, television station or network. Those persons may enter closed areas for the purpose of gathering, receiving, or processing information for communication to the public. Closed areas include any area where officers have closed access to the public, including but not limited to the immediate areas surrounding any emergency field command post, police/skirmish line, or other rolling closure at any demonstration, march, protest, rally, or where individuals are primarily engaged in any activity that is protected by the First Amendment to the United States Constitution or Article I of the California Constitution.

> **Note**: Mere verbalization or declaration of a person that they are a media member does not grant access as a duly authorized media member.

In a situation where a person within the crowd identifies as a member of the media, officers should request a supervisor. The supervisor will facilitate movement for members of media within any mobile field force tactics. The supervisor will assign an officer to monitor and keep them at a safe distance from any harm and interfering with the ongoing tactical situation. Department personnel should make every effort to determine whether the person has any evidence that they are gathering information for news, such as possessing a media identification or business card. If a determination cannot be made, a Public Information Officer (PIO) should be requested to assist.

> **Note**: If a PIO is not assigned to an incident, PIOs are available off-hours and can be contacted via the Department Operations Center.

These media access laws do not require specific government-issued credentials; however, press members should be able to provide reasonable "indicia" of their role, such as law enforcement-issued press passes, employer identification (ID) from their media organization, press association ID, business cards, letters of assignment, relevant business licenses, or published bylines.

**Access**

Authorized members of the media are allowed behind police lines. When officers are approached by a possible media member during crowd control situations, they should call a supervisor to make an objectively reasonable determination whether the person will be allowed into closed areas.

> **Note**: The Department may restrict media access to the command post (i.e., the area where incident-specific information is being shared by public safety personnel, strategic decisions are being made, or deliberations are ongoing), or crime scenes for the purpose of the preservation of evidence.

A duly authorized representative of the media who is in a closed area described above and is gathering, receiving, or processing information for communication to the public, shall not be cited for failure to disperse, a violation of curfew, or other violation of California Penal Code Section 148(a)(1).

> **Note**: Nothing precludes officers from enforcing other applicable laws if the member of the media is engaged in activity that is otherwise unlawful or is interfering with official law enforcement duties including, but not limited to, collecting evidence and making arrests.

**Determining Access**

When attempting to determine access to closed areas for duly authorized media members, supervisors should, based on the objectively reasonable standard, consider the following factors and whether the persons in question are:

- In possession of a press pass, press association ID, employer ID, letter(s) of assignment, business license, or other indicia of being a media member;
- Wearing clothing or carrying equipment with press/media symbols or logotypes;
- Following officers' directions;
- Actively capturing the incident with video or other media;
- Engaging in protest activities (e.g., throwing objects, acting antagonistic or violent, holding protest signs);
- Operating in the function of gathering, receiving, or processing news information; and,
- Carrying items prohibited under Los Angeles Municipal Code Section 55.07 while attending a public demonstration, rally, protest, picket line, or public assembly (such as metal or plastic pipes, baseball bats, glass bottles, etc.).

The following questions can help to clarify whether an individual is authorized and acting as a member of the media:

- Do you have a press pass?
- What company do you work for?
- What part of the event are you covering?
- How are you recording this incident?
- Where is your content posted?
- Can you show me your website?
- Can I see your personal identification?  (Then, when feasible, utilize an online search for the name and media organization)

Training Bulletin Volume LIV, Issue 3
Crowd Management, Intervention, and Control – Part II, Media
Page 4

## Dispersal

When officers are attempting to disperse a crowd after a dispersal order has been given, the same criteria shall be used to determine media access to closed areas. Supervisors should evaluate the factors listed both above, and in the table below, when determining media access during crowd dispersal. Officers should attempt to facilitate movement of authorized media as much as feasible given the circumstances.

| DETERMINING MEDIA ACCESS TO CLOSED AREAS ||
|---|---|
| **Allowing Access** – *Factors that can indicate the person is a duly authorized member of the media* | **Refusing Access** – *Factors that support **not** allowing the person behind police lines (even if they have indicia of being media)* |
| Officers should note that these factors are not, in and of their own, valid reasons for allowing or disallowing access. They are considerations as part of the totality of the circumstances. ||
| Possession of:<br><br>- Press Pass<br>- Press Association Identification (ID)<br>- Employer ID Card<br>- Letter(s) of Assignment<br>- Relevant Business License<br>- Other Indicia of Media Authorization | Does **not** have indicia of being media |
| Person is following officers' directions | Person is not following officers' directions:<br><br>- Refusal to show identification and/or press credentials<br>- Entering closed areas despite verbal warnings<br>- Not answering questions |
| Person is actively capturing the incident with video or other media | Person does not have the apparent ability to capture incident information such as a camera, notebook, or recording device |
| Person is reasonably perceived to be newsgathering, receiving, or processing information | Person is engaged in protest activities:<br><br>- Holding protest signs<br>- Being antagonistic before identifying self as press<br>- Throwing objects<br>- Not operating in the function of news gathering<br>- Carrying items prohibited under Los Angeles Municipal Code (LAMC 55.07) while attending public demonstration, rally, protest, picket line, or public assembly (such as metal or plastic pipes, baseball bat, glass bottles, etc.) |

**Interference with Department Operations**

Members of the press who are in closed areas are not allowed to: obstruct Department or emergency operations; engage in activities with no news gathering purpose; facilitate the entry of or transport non-members of the press (unless for a safety reason); fly drones or other aircraft without Federal Aviation Administration authorization; trespass on private property without owner permission; or enter closed federal property. Department operations include law enforcement activities such as ongoing investigations and arrests in process.

**CONCLUSION**

The Department understands that a well-informed public is essential to the existence of a democratic society.  Members of the media provide vital information to the public, and the Department has an obligation, within legal limits, to accommodate the media as they perform this task.  By using sound judgement and working with the media during crowd-related situations, officers embody our core values of "Reverence for the Law" and "Respect for People."


Field Training Services Unit
Police Training and Education

DISTRIBUTION "A"