**EXHIBIT – C**

**OFFICE OF THE CHIEF OF POLICE**

**N O T I C E**
1.14

July 15, 2025

**TO:**     All Department Personnel

**FROM:**   Chief of Police

**SUBJECT:** TEMPORARY RESTRAINING ORDER REGARDING JOURNALISTS AT DEMONSTRATIONS AND PROTESTS

**PURPOSE**

The purpose of this Notice is to inform personnel of a Temporary Restraining Order (TRO) issued on July 10, 2025, by United States District Judge Hernán D. Vera that prohibits targeting journalists, who are not posing a threat of imminent harm to an officer or another person, with less-lethal munitions and other crowd control weapons (including kinetic impact projectiles, chemical irritants, and flash-bangs).

**ADDITIONAL TRO REQUIREMENTS**

In addition to the above prohibition, the TRO also requires that if a police line or rolling closure at a demonstration, march, protest, or rally is established where individuals are engaged in activity that is protected pursuant to the First Amendment to the United States Constitution, officers shall not:

- Prohibit a journalist from entering or remaining in the closed areas;
- Intentionally assault, interfere with, or obstruct any journalist who is gathering, receiving, or processing information for communication to the public (including by restricting journalists to areas from which they do not have sufficient opportunity to observe and report on protests, including the interaction between police and protestors).
- Cite, detain, or arrest a journalist who is in a closed area for failure to disperse, curfew violation, or obstruction of a law enforcement officer for gathering, receiving, or processing information. If an officer detains or arrests a person who claims to be a journalist, that person shall be permitted to promptly contact a supervisory officer of the rank of captain or above for purposes of challenging that detention, unless circumstances make it impossible to do so.

The Court's definition of "journalist" is the same definition found in Penal Code section 409.7, which is any duly authorized representative of any news service, online news service, newspaper, or radio or television station or network. Department policy also includes those persons possessing current, valid credentials issued by the Department or other bona fide law enforcement agency, or other identification establishing duly authorized representation of news media affiliation or employment.

> **Note:** "Freelance" reporters or photographers possessing a valid media credential or other identification establishing duly authorized news media affiliation or primary employment shall be deemed as authorized news media representatives. The inability to produce identification

All Department Personnel
Page 2
1.14

does not preclude an individual from acting as a member of the media. However, if confronted with a situation where a person within the crowd identifies as a member of the media, officers should request a supervisor if they are unable to immediately identify the individual as an actual media representative. Officers should make every effort to determine whether the person has any evidence that they are gathering information for news, such as possessing a media station identification or business card. If a determination cannot be made, a Department Public Information Officer should be requested to assist. If an individual at a protest self-identifies as a member of the media but has been engaged in unlawful activity such as inciting violence or participating in the destruction of property, they can be detained or arrested for criminal behavior with or without a news media identification card.

**Note:** The Additional TRO Requirements above are similar to those contained in Penal Code section 409.7.

## REMINDER REGARDING USE OF KINETIC ENERGY PROJECTILES AND CHEMICAL AGENTS DURING DEMONSTRATIONS

Officers are reminded they must successfully complete Department training for use of less-lethal launchers prior to deploying them at a public demonstration. Officers are further reminded they shall not target journalists or other members of the public with kinetic energy projectiles and chemical agents [i.e., 37mm Less-Lethal Launcher, 40mm Less-Lethal Launcher, tear gas, Oleoresin Capsicum (OC Spray)], solely due to an imposed curfew, verbal threat, or non-compliance with a Department directive. Further, if kinetic energy projectiles or chemical agents are used during assemblies, protests, or demonstrations, they **shall only be used to defend against a threat to life or serious bodily injury** to any individual, including a peace officer, or to bring an objectively dangerous and unlawful situation safely and effectively under control, and, in accordance with the following requirements:

- De-escalation techniques or other alternatives to force have been attempted when objectively reasonable, and have failed;
- Repeated audible announcements have been made stating the intent to use kinetic energy projectiles or chemical agents, when objectively reasonable to do so (in multiple languages and from various locations, if appropriate);
- Persons have been given an objectively reasonable opportunity to disperse and leave the scene;
- An objectively reasonable effort has been made to identify persons engaged in violent acts as opposed to those who are not. Kinetic energy projectiles and chemical agents shall not be used indiscriminately on a crowd or group of persons, and shall instead be targeted only those individuals reasonably believed to have engaged in violent acts;
- Kinetic energy projectiles and chemical agents shall only be used when objectively reasonable, and only with the frequency, intensity, and in a manner that is proportional to the threat;
- Officers shall attempt to minimize the possible incidental impact of the use of kinetic energy projectiles and chemical agents on bystanders, medical personnel, journalists, or other unintended targets;
- An objectively reasonable effort has been made to extract individuals in distress;
- Medical assistance is promptly requested and, if properly trained personnel are present, to provide such assistance to injured persons, when it is reasonable and safe to do so; and,
- Kinetic energy projectiles shall not be aimed at the head, neck, or other vital organs.

All Department Personnel
Page 3
1.14

- If the chemical agent to be deployed is tear gas, only a commanding officer (Commander or above) at the scene of the assembly, protest or demonstration may authorize its use.

Refer to the Training Bulletin titled *Crowd Management, Intervention, and Control – Part II Media*, dated May 2025, for further guidance on determining media access to closed areas. If you have any questions regarding this Notice, please contact the Office of Constitutional Policing and Policy at (213) 486-8730.

*[signature]*

JIM McDONNELL
Chief of Police

DISTRIBUTION "D"